IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GET A GRIP, INC.,

    Applicant,

v.                                                No. 1:21-mc-00018-MV

THOMAS O'STEEN,

    Respondent.

## MEMORANDUM OPINION AND ORDER
## CONFIRMING ARBITRATION AWARD AND ENTERING JUDGMENT THEREON

**THIS MATTER** comes before the Court on Applicant's Motion for Confirmation of Arbitration Award and Entry of Judgment, Doc. 1, filed February 26, 2021.

Applicant Get a Grip, Inc. asks the Court to confirm the Final Arbitration Award entered in its favor on February 25, 2021, in the matter of *Get A Grip, Inc. and Troy Wells v. Thomas O'Steen*, conducted by the American Arbitration Association, AAA Case No. 01-20-0014-6531, and for entry of judgment thereon pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. Applicant attached to its Motion a copy of the Final Award finding in favor of Applicant, enjoining Respondent from using Applicant's trademarks; ordering Respondent to cease and desist from representing himself as being associated with Applicant, ordering Respondent to return products and equipment belonging to Applicant, and awarding Applicant a total of $49,474.97 in damages, attorney fees, and costs.

The Court has subject-matter jurisdiction over this matter because the award granted relief on Applicant's claim for infringement of its federal registered trademarks. *See Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019) (holding that "[b]ecause the district court would have had jurisdiction over the underlying substantive controversy, it had jurisdiction to confirm the

arbitration award pursuant to FAA § 9"). Respondent Thomas O'Steen did not file a response opposing Applicant's Motion.

The Court "must give extreme deference to the determination of the arbitration panel for the standard of review of arbitral awards is among the narrowest known to law." *Brown v. Coleman Co.,* 220 F.3d 1180, 1182 (10th Cir. 2000) (internal quotation omitted). Under § 10 of the FAA, a district court is only permitted to vacate an arbitration award if it finds that: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone a hearing, in refusing to hear evidence, or in misbehaving in some other way; or (4) the arbitrators exceeded their powers or imperfectly executed them. 9 U.S.C. § 10(a)(1)-(4). The Tenth Circuit "has recognized a handful of judicially created reasons that a district court may rely upon to vacate an arbitration award, and these include violations of public policy, manifest disregard of the law, and denial of a fundamentally fair hearing. *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001) (citation omitted). "**Outside of these limited circumstances, an arbitration award must be confirmed**," and "[e]rrors in either the arbitrator's factual findings or his interpretation[s] of the law ... do not justify review or reversal...." *Id.* (citations omitted; emphasis added).

Here, Respondent has failed to respond to Applicant's motion and thus necessarily has not alleged any errors or other reasons sufficient to require a reversal of the Final Arbitration Award. Consequently, the Court confirms the Final Arbitration Award. *See THI of New Mexico at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1082-84 (10th Cir. 2017) ("Under the Federal Arbitration Act (FAA), we may vacate an arbitrator's decision only in very unusual circumstances; courts are not authorized to reconsider the merits of an award.") (citations omitted).

**IT IS ORDERED** that Applicant's Motion for Confirmation of Arbitration Award and Entry of Judgment, Doc. 1, filed February 26, 2021, is **GRANTED.** The Court confirms the Final Arbitration Award entered in Applicant's favor on February 25, 2021, in the matter of *Get A Grip, Inc. and Troy Wells v. Thomas O'Steen*, conducted by the American Arbitration Association, AAA Case No. 01-20-0014-6531, and enters judgment thereon.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**